**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenzhe Anarbek,<br>Petitioner<br>-vs-<br>Fred Figueroa, et al.,<br>Respondents. | CV-26-1045-PHX-SHR (JFM)<br><br>**Order** |

In this 2241 Immigration habeas proceeding, Judge Rash's service Order, issued February 17, 2026, directed Petitioner to "immediately serve the Petition on Respondents." (Order 2/17/26, Doc. 3 at 2.)  Respondents Warden Figueroa, Director McGregor, Acting Director Lyons, (former) Secretary Noem, and Attorney General Bondi are all named as officers or employees of the United States, sued in their official capacities, seeking habeas relief.

Petitioner has filed a Notice of Service (Doc. 6)[1] which reports:

1. Emailing the Petition to an individual Assistant United States Attorney, Mr. Nickerson, who has not entered an appearance in this action.[2]

2. Emailing the Petition to Respondent McGregor.

3. Mailing by registered or certified mail to Respondents Bondi, Noem, Lyons, McGregor and Figueroa.

---

[1] The Clerk has docketed this filing as a "Return of Service Executed."  The Clerk's notation is not a determination on the correctness, completeness or effectiveness of service, an issue left to the Court to determine. It simply summarizes the assertions made in the filing.

[2] The Court also observes that the certificate of service appended to the Notice of Service asserts service on Mr. Nickerson by emailed service through the Court's Notice of Electronic Filing (NEF).  Because Mr. Nickerson has not appeared in this action, no NEF was issued by the Clerk to Mr. Nickerson, and thus no service of the return has been made on him.

- 1 -

The service was purportedly completed on February 16, 2026.  Under the Service Order, **if** service was complete as of that date, an answer to the Petition was due 20 days later, on March 9, 2026.  None has been filed.

However, Federal Rule of Civil Procedure 4(i)(2) directs (emphasis added):

> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, **a party must serve the United States** and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Under this Rule, service on the United States is required.

Rule 4(i)(1) establishes the process for service on the United States.  It generally requires service on the United States Attorney, and the Attorney General.  In turn it provides that service on the United States Attorney can be accomplished in two ways:

> (i) **deliver** a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by **registered or certified mail to the civil-process clerk** at the United States attorney's office;

Fed. R. Civ. Proc. 4(i)(1)(A).

No delivery or registered/certified mailing of the Petition to the United States Attorney is reflected in the Notice of Service. Only emailing is reflected.  Emailing is neither delivery nor registered/certified mailing.  It is at most delivering it to an intermediary with the hope of eventual delivery to the United States Attorneys Office. *Cf. Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (discussing international service) ("except for the provisions recently introduced into Rule 5(b), email service is not available absent a Rule 4(f)(3) court decree").  Rule 5(b) has no application to service under Rule 4.  Moreover, it is only applicable where the person/entity being served has "consented to it in writing." Fed. R. Civ. Proc. 5(b)(2)(E) and (F).

**IT IS THEREFORE ORDERED** Petitioner has five days from the filing of this Order to file either: (1) a notice of service showing service on the United States Attorney

- 2 -

for the District of Arizona **in accordance with Fed. R. Civ. Proc. Rule 4(i)(1)(A)**; or (2) a response to this Order showing cause why the Petition should not be dismissed for failure to effect timely service and to comply with the orders of the Court.

Dated: March 18, 2026

26-1045o Order 26 03 17 re Service.docx

_____
James F. Metcalf
United States Magistrate Judge