**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Kenzhe Anarbek,
Petitioner
-vs-
Fred Figueroa, et al.,
Respondents.

CV-26-1045-PHX-SHR (JFM)

**Order**

In the Order filed March 18, 2026, the Court gave Petitioner through March 23, 2026 to "file either: (1) a notice of service showing service on the United States Attorney for the District of Arizona **in accordance with Fed. R. Civ. Proc. Rule 4(i)(1)(A)**; or (2) a response to this Order showing cause why the Petition should not be dismissed for failure to effect timely service and to comply with the orders of the Court." (Order 3/18/26, Doc. 7 at 2-3 (emphasis in original).) That Rule provides two means for service on the United States Attorney:

> (i) **deliver** a copy of the summons and of the complaint **to the United States attorney** for the district where the action is brought— or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) **send** a copy of each by **registered or certified mail** to the civil-process clerk at the United States attorney's office;

Fed. R. Civ. Proc. 4(i)(1)(A) (emphasis added).

On March 20, 2026, Petitioner filed a Notice of Service (Doc. 8) which indicates service of the Petition and other documents "to US Attorney in the District of Arizona, Timothy Courchaine via FEDEX and it was delivered on March 20, 2026. (See Attachment A)." The attached FedEx receipt shows delivery was not to Courchaine, but rather to "C. Chipman."

The "*deliver*" alternative in paragraph (i) is not satisfied. The Rule requires

- 1 -

delivery to "the United States Attorney," or to "an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk."  The Clerk's Office has advised that no designation of "an assistant United States Attorney or clerical employee"  for receipt of service has been filed with the Clerk of the Court.  Assuming arguendo that an undesignated assistant United States Attorney would suffice, the United States Attorney's Office directory reflects no attorney by the named "Chipman."  Further the Clerk's Office has advised that no designation of "a clerical employee"  for receipt of service has been filed with the Court Clerk.

The "*send*" alternative in paragraph (ii) is not satisfied.  The Ninth Circuit has held that, for purposes of the Federal Rules of Civil Procedure, Federal Express delivery does not qualify as "mail." *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996). Moreover, the Advisory Committee Notes to the 1983 amendments to Rule 4(i) observe: "To assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney."

**IT IS THEREFORE ORDERED** Petitioner has five days from the filing of this Order to comply with the Order filed March 18, 2026 (Doc. 7).

Dated: March 30, 2026

26-1045o Order 26 03 30 re DL Svc USAO.docx

James F. Metcalf
United States Magistrate Judge

- 2 -